UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ISMEL ARLEY FRANCISCO-CASAS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, BLUEBONNET DETENTION CENTER,[1] <br><br> Respondent. | No. 1:26-CV-00084-H |

# ORDER

Petitioner Ismel Arley Francisco-Casas filed a motion for emergency temporary restraining order (TRO). Dkt. No. 4. He seeks immediate release or a personalized bond hearing, an order restraining the respondent from transferring him to a different facility, and expedited adjudication of his habeas petition. *Id.* As explained below, the Court denies the motion because it improperly requests the ultimate relief sought in his pending habeas petition and because a transfer to another facility will not destroy this Court's jurisdiction. Additionally, the Court finds that Petitioner must cure the filing fee deficiency within 30 days.

1. **Legal Standards**

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping,*

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

*Ltd. v. Sebastian,* 143 F.3d 216, 218 (5th Cir. 1998).  There is no statutory or constitutional right to the disposition of a habeas motion within a specific time.  *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255).  Section 1657 requires that courts expedite matters when good cause is shown.  But this requirement is "relative, not specific."  *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions.  A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief."  *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009).  Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief.  *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021).  The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest.  *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy."  *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).  "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'"  *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).  To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot

grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

**2.    Analysis and Conclusion**

First, in his motion for expedited review, Petitioner asserts that he was detained on January 28, 2026, that he is not subject to a final order of removal, and that he is scheduled for a Master Hearing in immigration court on March 5, 2026. *See* Dkt. No. 4. He complains that his immigration proceedings will be prejudiced by his continued detention and urges the Court to adjudicate his petition before his hearing date. But Petitioner has not shown good cause for expedited briefing or for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's motion to expedite is denied.

Second, "[t]he purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion for immediate release or a prompt bond hearing appears to request the same relief sought in his habeas petition. *See* Dkt. Nos. 1, 4. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14,

3

2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). But the ultimate relief he seeks in his petition is also release from custody or a bond hearing. Because the preliminary relief sought in the motion for immediate release or bond hearing improperly seeks the same ultimate relief requested in the petition, the motion is denied. Dkt. No. 4.

Finally, the Court denies Petitioner's request to enjoin a unit transfer. Jurisdiction attaches at the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014). And, in any event, Petitioner has not otherwise satisfied the elements required to justify such extraordinary preliminary injunctive relief at this early stage of litigation.

This habeas petition remains pending, and once the filing-fee deficiency is cured, the Court will enter a separate order requiring a response from the respondent and setting a schedule for briefing.

So ordered on February 25, 2026.

/James Wesley Hendrix
United States District Judge

4